[No. 6,941.—In Bank.]
April 6, 1882.

## THE PEOPLE, ETC., EX REL., *v.* HENRY COWELL.

TIDE LAND—CERTIFICATE OF PURCHASE—SHORE OF THE SEA—THINGS PUB-
LIC—ACTION TO QUIET TITLE.—In an action by the State to cancel a certifi-
cate of purchase of a tract of tide land issued to the defendant, under the
Act of April 27, 1863, the Court, in effect, found that the tract in controversy
(which embraces some sixty-eight acres) is a portion of the frontage of the
Bay of Monterey, which, for more than twenty-five years has been, and
still is, used for commercial and maritime purposes—being that portion of
the frontage of the bay at which sea-going vessels trading with Santa
Cruz touch and load and unload; that much the greater portion of the
land was and is permanently beneath the waters of the bay, and that all
of it—except some points and bluffs comprising not over one or two acres
—was, at the date of the survey and application, under which the appel-
lant claims, covered by the waters of ordinary tides; that the whole of
the tract (except the points and bluffs above referred to) was and is
loose drifting sands, shifting with the action of the waves and winds;
that none of the tract was, at the time of the survey and application, or
is now, of any value for agricultural purposes; and that the cost of re-
claiming it would greatly exceed its value when reclaimed for any pur-
pose of tillage and agriculture.

 *Held:* The finding in effect is that the land was not reclaimable for agricul-
tural purposes; and, applying this test the judgment of the Court below
annulling and cancelling the certificate must be affirmed.

ID.—SWAMP AND OVERFLOWED LANDS—SURVEY—COUNTY SURVEYOR.—
Under Sections 3 and 7 of the Act of April 27, 1863—cited *supra*—the
duty of the County Surveyor does not commence, nor can he officially act
concerning any application, until the affidavit and application for a sur-
vey are officially put before him. A survey made before this is done, is
but the survey of a private person and has no official sanction.

APPEAL from a judgment for the plaintiff in the Twentieth
District Court, County of Santa Cruz. BELDEN, J.

The action was brought to cancel and annul the approval
of a tide land survey made by the Surveyor General on the
twelfth day of June, 1868, and the certificate of purchase is-
sued thereon.

*E. S. Pillsbury*, for Appellant.

The finding of the Court as to the character of the land,
does not support the conclusion arrived at; it finds, touching
the land in question, that, "The cost of so reclaiming and
protecting said tract would greatly exceed its value when re-

claimed for any purpose of tillage or agriculture." In other words, the Court finds that the land is capable of reclamation, but is of opinion that it would be a bad speculation for the purchaser to undertake it. The only test was, is the land reclaimable? (*People* v. *Morrill*, 26 Cal. 360; *Ward* v. *Mulford*, 32 Cal. 365; *Connelly* v. *Mon Chong*, July T. 1872.)

It was the province of the County Surveyor and Surveyor General to determine the character of this land, and their decision, in the absence of fraud, is final, and not subject to review by the Courts.

The proceedings to acquire this land were had under the Act of 1863. (Stat. 1863, 591.) It must be conclusively presumed, from the action of these officers, that this land was subject to sale. (*Stuart* v. *Haight*, 39 Cal. 87; *Hinckley* v. *Fowler*, 43 Id. 56; *Porter* v. *Haight*, 45 Id. 631, 639, 640; *Hosmer* v. *Wallace*, 47 Id. 461; *Hess* v. *Bolinger*, 48 Id. 349.)

*Wm. T. Wallace, C. R. Greathouse*, and *Gordon Blanding*, for Respondent.

The application of Cowell was to be permitted to purchase about sixty-eight acres of land, the greater part of which was beneath the waters of the bay of Monterey, comprising the harbor of Santa Cruz, and nearly all of it covered by the ordinary tides. It was irreclaimable within the sense of the law authorizing the sale of reclaimable land. The attempt made by Mr. Cowell here, is the same that was unsuccessfully made in *People* v. *Morrill*, 26 Cal. 336; *Taylor* v. *Underhill*, 40 id. 473; and *Kimball* v. *MacPherson*, 46 id. 107, in all which cases was held by this Court, that lands such as these are not and never have been subject to entry and sale under the laws of this State.

It is suggested by the learned counsel for appellant, in the second point of his printed brief that it belonged to the County Surveyor to determine the character of the land applied for, and that his decision that it was reclaimable is final. We do not consider that we are called upon to inquire whether the decision of the County Surveyor, thus claimed to have been made *en pais*, is ordinarily subject to be reviewed in this manner or not. Because, whatever be the true rule in that respect where proceedings before him have been regularly

had, here there were no such proceedings. His official authority, whatever be its nature and scope, was never set in motion. (Act of April 27, 1863, 592.)

*Charles B. Younger*, also for Respondent.

Ross, J.:

The principal question in this case is, were the lands in controversy subject to sale under the laws of this State? And as respects this, appellant's counsel says: "The only test was, is the land reclaimable?"

Applying that test, we have no difficulty in affirming the judgment of the Court below. The findings, which are not complained of, show that the tract, which embraces some sixty-eight acres, is a portion of the frontage of the bay of Monterey, which, for more than twenty-five years, has been, and still is, used for commercial and maritime purposes—being that portion of the frontage of the bay at which sea-going vessels trading with Santa Cruz touch, and load and unload; that much the greater portion of the land was, and is, permanently beneath the waters of the bay, and all of it, except some points and bluffs, comprising not over one or two acres, was, at the date of the survey and application under which the appellant claims, covered by the waters of ordinary tides; that the whole of the tract (except the points above referred to) was and is loose, drifting sands, shifting with the action of the waves and winds; that none of the tract was, at the time of the survey and application, or is now, of any value for agricultural purposes—"the only manner in which it could be made available for such purposes being to construct expensive levees or dykes, and transport to and cover it with soil," and that the cost of so reclaiming and protecting the tract would greatly exceed its value when reclaimed for any purpose of tillage or agriculture.

The idea that land thus situated is reclaimable for agricultural purposes would at once strike any one off the bench as preposterous. We know of no reason why we should not enjoy the privilege of exercising a little common sense and take the same view of it.

The suggestion of the counsel for appellant, that we are

bound by the determination of the County Surveyor as to the character of the land, is without force. As is well said for the respondent, the official authority of the Surveyor, whatever be its nature and scope, was never set in motion. From Sections 3 and 7 of the Act under which appellant's proceedings were had—Act of April 27, 1863, p. 592—it will be seen that the duty of the County Surveyor does not commence, nor can he officially act concerning any application, until the affidavit and application for a survey are officially put before him. In the present case the survey was made five days before appellant made any application therefor·or had taken or subscribed the affidavit required by the act. The survey, therefore, was but the survey of a private person and had no official sanction.

The other points made it is not necessary to consider.

Judgment affirmed.

McKinstry, J., Morrison, C. J., and McKee, Thornton, and Sharpstein, JJ., concurred.

Myrick, J., concurred in the judgment on the ground last above stated