[No. 14260.    Department One. — October 8, 1891.]

# R. A. MADDUX, APPELLANT, *v.* R. A. BROWN, RESPONDENT.

SWAMP-LAND — VOID SURVEY — COUNTY SURVEYOR — INSUFFICIENT APPOINTMENT OF DEPUTY — VOID APPLICATION. — An appointment of a person as a deputy by a county surveyor, by a certificate signed by the surveyor as a private individual, and not in his official capacity, and which purports to appoint the deputy as a deputy to survey a certain tract of swampland, instead of appointing him as the deputy surveyor of the county, and which is not filed until after the survey by such deputy, is void, and does not tend to prove that the survey was made by a deputy surveyor *de facto;* and an application for the purchase of swamp-land from the state, founded upon such survey, is also void.

ID. — OFFICIAL SURVEY — RECORD OF SURVEY MADE FOR ANOTHER — INSUFFICIENT APPLICATION. — Under section 3445 of the Political Code, the survey of swamp-lands which have been segregated as such, but not sectionized, in order to be an official act by the county surveyor, acting as an officer of the state land-office, must be made by the county surveyor for one desiring to purchase, and for that purpose; and the certified copy of the record of a survey, made by the county surveyor upon the application of another person, cannot be used as the basis of an application, in lieu of a certificate of a survey made at the applicant's request, as required by section 3445 of the Political Code.

ID. — ACTUAL SETTLEMENT — TEMPORARY REMOVAL — EVIDENCE. — The fact that an applicant who testified that he was living upon swamp-land suitable for cultivation removed his family therefrom temporarily, because of the ill health of a member of the family, does not show nor tend to show that he was not an actual settler upon the land.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lamberson & Taylor,* and *Charles G. Lamberson,* for Appellant.

*W. B. Wallace,* for Respondent.

TEMPLE, C. — Contest for the right to purchase swampland which is suitable for cultivation. The land was segregated by the authority of the United States in 1855, but has not been sectionized. The court found in favor of defendant, and that plaintiff was not an actual settler.

The appeal is from the judgment, and from an order refusing a new trial. Objection was made to certain rulings admitting evidence, and that the evidence was insufficient to sustain the findings.

The defendant made two applications to purchase. One was based upon an alleged survey by one Newman, who assumed to act as deputy of the county surveyor of Tulare County. His appointment as such deputy was by a certificate signed by one A. T. Fowler, as a private individual, and not in his official capacity. It did not purport to appoint Newman as deputy surveyor of Tulare County, but that I, A. T. Fowler, " by these presents do make, constitute, and appoint H. Newman my true and lawful deputy to survey lot 7, etc."

The certificate of appointment, with the official oath of Newman, was not filed until after the survey. Evidently, Newman was not a deputy surveyor.

Conceding that a deputy might be *de facto* such, though not *de jure,* there is still no evidence tending to establish such fact. The appointment being void, the application founded upon the survey was void, and the finding relating to that issue is unsupported by competent evidence.

Plaintiff and defendant each claimed to be living on the land, and had both previously applied to purchase, and had had a similar contest over the right. The court, in that contest, had found that neither was entitled to purchase. There seems to have been something of a scramble to make the new application. Defendant states that he applied to the county surveyor for a survey; that,

being busy, at the request of defendant he deputized Newman, with the result appearing above. Plaintiff also applied to the county surveyor for a survey, and this the surveyor made in person, July 30, 1889.

Apparently, defendant received from the county surveyor a certified copy of the record of this survey before it was furnished to plaintiff, for whom it was made, and on August 1, 1889, made out another application to purchase, which was filed in the office of the surveyor-general August 2, 1889.

Plaintiff made out his new application to purchase, August 3, 1889, which was filed with the surveyor-general August 6, 1889.

It would not do to hold as a general proposition, that a person, desiring to purchase swamp-lands which have been segregated as such, but not sectionized by the officers of the United States, finding on record in the office of the county surveyor a survey of the same, can get a certified copy of such record, to be used in lieu of a certificate of a survey made at his request, as required by section 3445 of the Political Code. Such survey may not have been made with a view to a compliance with this statute, and unless made for one desiring to purchase, and for that purpose, the county surveyor cannot be said to have been acting as an officer of the state land-office. (*People* v. *Cowell*, 60 Cal. 400.)

The second application of Brown is not accompanied by a certificate of a survey of the land he desired to purchase, made upon his application by the county surveyor, as required by section 3445 of the Political Code.

The court held that plaintiff was not an actual settler upon the land. We fail to discover any evidence in the record which would justify that finding, unless the court found that plaintiff's evidence was unworthy of credence. If he did remove his family from the place temporarily only, and because it became necessary for the health of a member of the family, such fact did not even tend to show that he was not an actual settler.

We think the judgment and order should be reversed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.