EDMUND G. BROWN JR. Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE GREGORY J. OLIVER, COUNTY COUNSEL FOR THE COUNTY OF TUOLUMNE, has requested an opinion on the following question:
With respect to a county's initial review and approval of tentative subdivision maps, if a county board of supervisors has delegated this responsibility to the county surveyor, may the board, by ordinance, require that all public hearings be conducted and all determinations be made by the county surveyor personally and not by a deputy county surveyor?
 CONCLUSION
A county board of supervisors may adopt an ordinance requiring that the county surveyor, and not a deputy county surveyor, conduct public hearings and make initial determinations on tentative subdivision maps submitted for county approval, because the ultimate power to review tentative subdivision maps is vested in the board of supervisors. *Page 2 
 ANALYSIS
The question posed here concerns the authority of a county board of supervisors to restrict a county surveyor's delegation of certain duties to deputy surveyors. Specifically, we are informed that a county board has, by ordinance, designated the county surveyor as the officer responsible for conducting public hearings when a tentative subdivision map is submitted to the county for approval pursuant to the Subdivision Map Act [Act], [1] and for determining in the first instance whether the map should be approved.[2] We are further told that the county surveyor, pursuant to this delegation of power, has assigned deputy surveyors to perform these evaluative functions, and that the county board is considering amending its ordinance to expressly limit the exercise of these responsibilities to the county surveyor alone. May a board of supervisors restrain the county surveyor's discretion and confine the role of deputy surveyors in this fashion? We conclude that such a limitation is permissible.
A county surveyor is a statutorily enumerated county officer[3] whose qualifications and principal duties are provided in Government Code sections 27550 through 27601. These duties include conducting surveys and keeping accurate records thereof;[4] making all county, road, and district maps;[5] and charging and collecting "such fees as are allowed by law."[6] As a general matter, the county surveyor operates under the direction of the board of supervisors, conducting such surveys and engineering work as the board directs, [7] and his or her office may be consolidated with that of road commissioner or *Page 3 
director of transportation in the board's discretion.[8]
Here, the question presented does not involve any of a county surveyor's statutory duties, but instead concerns authority that a county board of supervisors has conferred upon its county surveyor pursuant to the Act — namely, responsibility for conducting the county's initial review and evaluation of tentative subdivision maps.[9] We will therefore begin our analysis with a brief overview of the Act and a discussion of the process through which proposed subdivisions undergo local review and approval.
Preliminary Review and Approval of Tentative Subdivision Maps
Under the Act, tentative subdivision maps are subject to review and clearance by local governments. The Act operates as the state's principal control mechanism over proposals to subdivide real property, including both initial subdivisions and subsequent modifications, vesting principal regulation of these matters in the legislative bodies of local agencies.[10] "The Act generally requires all subdividers of property to design their subdivisions in conformity with applicable general and specific plans and to comply with all of the conditions of applicable local ordinances."[11] Typically, compliance with local requirements is enforced through a local agency's review and approval of proposed subdivision maps. Ordinarily, a local agency will approve a proposed map "only after extensive review of the proposed subdivision and consideration of such matters as the property's suitability for development, the adequacy of roads, sewer, drainage, and other services, the preservation of agricultural lands and sensitive natural resources, and dedication issues."[12]
Cities and counties may delegate to an "advisory agency" the task of reviewing tentative subdivision maps, and may authorize such an agency to approve, conditionally approve, or disapprove such maps.[13] Here, we are told that an existing county ordinance *Page 4 
designates the county surveyor as the official charged with investigating and approving or disapproving tentative subdivision maps; hence, the county surveyor serves as the county's "advisory agency" in this respect.[14] Any determination by an advisory agency to approve, conditionally approve, or disapprove a map may, in turn, be appealed to the governing legislative body, which thus retains the ultimate authority and responsibility for evaluating and approving tentative subdivision maps.[15] For counties, of course, that governing legislative body is the board of supervisors.[16]
Deputies of the County Surveyor
In the situation before us, the county surveyor in question has routinely assigned to deputy surveyors the tasks of conducting hearings on tentative maps and deciding whether to approve them.
There is no mention of a "deputy county surveyor" in the portion of the Government Code that sets out the qualifications and principal duties of a county surveyor.[17] Under general laws, however, a county surveyor, like other county officers, is authorized to "appoint as many deputies as are necessary for the prompt and faithful discharge of the duties of his office,"[18] and courts have occasionally recognized the position of deputy county surveyor and acknowledged the validity of official acts performed by persons duly appointed to that position.[19] Each such deputy, unless otherwise provided, "possesses the powers and may perform the duties attached by law to *Page 5 
the office of his principal."[20] Thus, as a general rule, a person holding the position of deputy county surveyor may exercise the same powers and perform the same duties as the county surveyor.[21]
But this general prerogative is not, in our view, an absolute command. We think that the duties and authority of deputy surveyors, though broadly defined in the general statutory provisions, are subject to restriction by the county surveyor, in his or her executive discretion, and may also be restricted through regulations or ordinances enacted by the county's governing legislative body.[22] Although we know of no case in which a court has directly addressed this specific question, we find support for our conclusion in case law and statutes, as well as in some of our earlier opinions.
In defining the general duties and powers of deputies, for example, the Legislature provides, in Government Code section 1194, that "each deputy possesses the powers and may perform the duties attached by law to the office of his principal." But this basic principle is tempered by an introductory caveat and qualification — "[w]hen not otherwise provided for" — which plainly contemplates that there will be exceptions to the rule. In construing statutes, we must give meaning to every word and clause wherever possible, and to avoid interpretations that treat statutory language as mere surplusage.[23] Applying that principle here, we understand section 1194's introductory clause to refer to limitations that the Legislature or a local agency may have legislatively imposed on the scope of a deputy's duties, or that the county surveyor may have established in an exercise of executive discretion.
This interpretation is consistent with conclusions we have reached in our previous opinions. In an opinion examining the duties of a sheriff's chief deputy, for example, we noted that a deputy's duties may be "restricted by statute, charter, ordinance, regulation, or by the principal."[24] And on another occasion, discussing the characteristics of *Page 6 
deputies generally, we noted that a deputy's authority to perform the functions of his or her principal is "subject to legislative and executive control."[25]
Our interpretation is likewise consistent with the opinion in Peoplev. Woods, a case on which we relied in each of those two previous opinions, where the court held, with respect to the duties of sheriffs' deputies, that the state's general laws concerning such matters govern "in the absence of a county ordinance regulating and further defining the scope" of deputies' authority.[26]
Finally, our interpretation is also consistent with the plain language of article XI, section 4(f)) of the state's Constitution, which states that a county charter shall provide for "the prescribing and regulating by . . . [a county board of supervisors] of the powers, duties, qualifications, and compensation" of "assistants, deputies, clerks, attachés, and other persons" employed by the county.
We need not consider whether there are circumstances in which a county board's authority to limit the scope of deputies' authority might be unavailable in order to decide the question presented to us. Indeed, we think that the board's authority to do so is especially clear here because the power to be limited (that is, the power to review tentative subdivision maps) is vested in the board itself unless and until the board elects to delegate it to a county officer or other advisory agency. As we have seen, the county is specifically authorized by statute to delegate all or part of its responsibility for evaluating tentative subdivision maps, including responsibility for conducting public hearings on the maps and for approving, conditionally approving, or disapproving the maps in the first instance, subject to appeal to the board itself.[27] Under these circumstances, where delegation of the responsibility in the first place is optional, we think that the board has wide discretion in tailoring any delegation thereof.
We therefore conclude that a county board of supervisors may adopt an ordinance *Page 7 
requiring that the county surveyor, and not a deputy county surveyor, conduct public hearings and make initial determinations on tentative subdivision maps submitted for county approval, because the ultimate power to review tentative subdivision maps is vested in the board of supervisors.
[1] Govt. Code §§ 66410-66499.37.
[2] The Act distinguishes between "subdivision maps," which are generally required for subdivisions of five or more parcels, and "parcel maps," which are generally required for the creation of four or fewer parcels. See Govt. Code § 66426; Gardner v. Co. of Sonoma, 29 Cal. 4th 990,996-997 (2003); Black Hills Invs., Inc. v. Albertson's, Inc.,146 Cal. App. 4th 883, 890 (2007); 73 Ops.Cal.Atty.Gen. 338, 339
(1990). Because the distinction is not germane here, for the sake of convenience we use the term "subdivision map" to mean both kinds of maps.
[3] Govt. Code § 24000(n).
[4] Id. at § 27551; see also Cal. Const. art. XI, § 4(e) (county charters shall provide the powers and duties of governing bodies and county officers).
[5] Govt. Code § 27557.
[6] Id. at § 27601.
[7] Id. at § 27562; see id. at § 25303 (board of supervisors "shall supervise the official conduct of all county officers"); see also id. at § 27600 (board of supervisors shall provide surveyor with suitable office, furniture, and materials, and shall pay all necessary expenses and transportation), § 27583 (board of supervisors shall furnish all necessary survey monuments).
[8] Id. at §§ 24300(q), (r); 24304(u).
[9] See id. at § 66411.
[10] Gardner, 29 Cal. 4th at 996-997.
[11] Id. at 997.
[12] Id. (internal citations omitted); see also Black Hills Invs.,Inc., 146 Cal. App. 4th at 890; Bodega Bay Concerned Citizens v. Co. ofSonoma, 125 Cal. App. 4th 1061, 1067-1068 (2005);89 Ops.Cal.Atty.Gen. 193, 193-194 (2006).
[13] Govt. Code § 66415. See, e.g., Pongputmong v. City of SantaMonica, 15 Cal. App. 4th 99 (1993) (city council designates city planning commission as advisory agency); Carmel Valley View, Ltd. v.Maggini, 91 Cal. App. 3d 318 (1979) (county board of supervisors designates county planning commission as advisory agency).
[14] Govt. Code §§ 66411, 66415.
[15] See 73 Ops.Cal.Atty.Gen. at 338, 343 (interpreting and applying Govt. Code § 66452.5); see also Govt. Code § 66474.7.
[16] Govt. Code § 23005.
[17] Id. at §§ 27550-27601.
[18] Id. at § 24101; see Govt. Code § 24100 ("Whenever the official name of any principal officer is used in any law conferring power or imposing duties or liabilities, it includes deputies.")
[19] See, e.g., Maddux v. Brown, 91 Cal. 523, 524 (1891) (land purchase application invalid absent evidence that survey was performed by duly appointed deputy of county surveyor); Gates v. Kieff, 7 Cal. 124, 126
(1857) (map admissible in evidence notwithstanding that "protractions of certain lines were made by the deputy surveyor, and not the county surveyor"); Harrold v. Barnum, 8 Cal. App. 21, 22-24 (1908) (constitutional prohibition against increasing salary during term of office does not apply to office of deputy county surveyor).
[20] Govt. Code § 1194; see also id. at § 7 (providing that public officer's powers may be exercised and duties performed "by a deputy of the officer or by a person authorized, pursuant to law, by the officer, unless this code expressly provides otherwise.")
[21] See People v. Woods, 7 Cal. App. 3d 382, 387-388 (1970) (deputy sheriff exercises power and performs duties of sheriff);66 Ops.Cal.Atty.Gen. 293 (1983).
[22] 78 Ops.Cal.Atty.Gen. at 367-368.
[23] See, e.g., People v. Cole, 38 Cal. 4th 964, 980-981 (2006); Cooleyv. Super. Ct., 29 Cal. 4th 228, 249 (2002); 89 Ops.Cal.Atty.Gen. 110, 112
(2006).
[24] The opinion states, in relevant part:
 [A]t common law, a "deputy" was authorized to perform only limited, ministerial duties on behalf of his principal. The Legislature changed this rule by statute, generally allowing a deputy to perform any of the duties of his principal unless otherwise prohibited. Currently, then, a deputy may perform any of the duties of his principal unless restricted by statute, charter, ordinance, regulation, or by the principal.
78 Ops.Cal.Atty.Gen. 362, 367-368 (1995) (footnote and internal citations omitted) (examining powers of a sheriff's chief deputy).
[25] 70 Ops.Cal.Atty.Gen. 250, 253 n. 6 (1987).
[26] Id. at 387 (footnote omitted). While the court's statement may appear to provide direct support here, the ordinance under discussion inPeople v. Woods did not itself limit deputies' powers; rather, it permitted the sheriff to do so. (Id. at 387 n. 3.)
[27] Govt. Code §§ 66411, 66415. *Page 1